[Cite as *In re C.H.*, 2026-Ohio-2920.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

IN RE: C.H.                              :

                                         :

   Adjudicated Abused Child.             :        Case No. 25CA29

                                         :

                                         :

                                         :

                                         :        DECISION AND JUDGMENT
                                         :        ENTRY

                                         :

_____

APPEARANCES:

Evan N. Wagner, Columbus, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Alisa Turner, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

_____

Smith, J.

   {¶1}   Appellant, J.H., appeals the trial court's judgment that adjudicated her child an abused child.  She further appeals the trial court's decisions denying her discovery request and her motion to suppress evidence.  After our review, we determine this appeal is moot and must be dismissed.

FACTS

   {¶2}   Appellant and her husband are the adoptive parents of the child and the biological parents of three adult children.  The child suffers from a rare chromosomal disorder that leaves her with speech and other disabilities.

{¶3} In December 2025, the child's father suffered a heart attack. At the time, one of appellant's adult children, T.H., had been staying with the family, along with her significant other, L.M. Appellant asked them to stay with her to help take care of the child.

{¶4} On January 13, 2025, staff at the child's school noticed that the child had some injuries, so they contacted law enforcement. The school also contacted appellant and asked her to come to the school to pick up the child. When appellant arrived, a caseworker met with appellant and explained that the child appeared to have suffered various injuries. Appellant advised the caseworker that T.H. and L.M. had been taking care of the child, and she reported that T.H. sometimes became verbally aggressive with the child.

{¶5} On January 14, 2025, appellee, South Central Ohio Job and Family Services ("the agency"), filed a complaint that alleged the child, then 13 years of age, was an abused and/or dependent child. The agency requested temporary custody of the child. The agency also requested an emergency order placing the child in its temporary custody, which the trial court granted.

{¶6} Within days of the complaint being filed, T.H. and L.M. departed appellant's home.

{¶7} The trial court later adjudicated the child abused. Shortly thereafter, the court entered an order that placed the child in the temporary custody of a third

person for two weeks. The court further ordered that, at the end of the two-week period, the child be placed in appellant and the father's custody, subject to the agency's protective supervision. This appeal followed.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED AS A MATTER OF LAW BY ISSUING A JOURNAL ENTRY DENYING APPELLANT'S CIV.R. 36 DISCOVERY REQUEST TIMELY SERVED UPON SCOJFS AND ORDERING THAT SCOJFS WAS UNDER NO DUTY TO RESPOND.

II.     THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE, WITHOUT A HEARING, ON THE GROUND THAT THE FOURTH AMENDMENT'S EXCLUSIONARY RULE IS INAPPLICABLE IN ABUSE, NEGLECT [AND] DEPENDENCY PROCEEDINGS.

III.    THERE WAS LEGALLY INSUFFICIENT EVIDENCE ADDUCED AT TRIAL TO SUSTAIN A FINDING THAT THE MINOR CHILD CONSTITUTES AN "ABUSED CHILD," UNDER [R.C.] 2151.031(E).

IV.     THE TRIAL COURT'S DECISION AND JUDGMENT ENTRY FINDING [THE CHILD] TO BE AN ABUSED CHILD IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

V.      THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT [T.H.] AND [L.M.] CONSTITUTE AS "CARETAKERS" UNDER [R.C.] 2151.031(E).

## JURISDICTIONAL ISSUE

{¶8}   Before we consider appellant's assignments of error, we first observe that this court asked the parties to submit briefs addressing this court's jurisdiction to hear the appeal.  Both parties submitted briefs as requested.

{¶9}   One of the agency's arguments is that this appeal is moot.  The agency asserts that two months after appellant filed her notice of appeal, the agency asked the trial court to terminate protective services and to close the case.  The trial court granted the agency's motion.  Based upon our review of the complete record, we agree with the agency that the appeal is moot.

{¶10} "This court's judicial power is limited to deciding ' "actual controversies where the judgment can be carried into effect, and not . . . give opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter at issue in the case before [us]." ' " *Plibrico Co., LLC v. Hall*, 2026-Ohio-284, ¶ 17 (4th Dist.), quoting *Maurent v. Spatny*, 2025-Ohio-5002, ¶ 9, quoting *Travis v. Public Util. Comm.*, 123 Ohio St. 355, 359 (1931).  Accordingly, this court's "judicial power does not extend to moot cases, because when a case becomes moot, there is no longer any controversy for a court to decide." *Id*. at ¶ 10.

{¶11}  "An issue becomes moot when it is or has 'become fictitious, colorable, hypothetical, academic or dead.' " *Jones v. Jones*, 2021-Ohio-1498, ¶

53 (4th Dist.), quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist. 1948). Consequently, "when events occur that make it impossible for a court to grant 'any effectual relief whatever,' a case is moot and the court must dismiss the appeal." *Maurent* at ¶ 11, quoting *Miner v. Witt*, 82 Ohio St. 237, 238-239 (1910).

{¶12} In accordance with these rules, courts have dismissed appeals involving abused, neglected, and dependent children when the trial court has returned the child to the child's home and terminated the agency's involvement. *See In re S.F.*, 2025-Ohio-1970, ¶¶ 5-6 (3d Dist.) (concluding that an appeal from an abuse and dependency adjudication was moot when the agency no longer had protective supervision over the child); *In re M.G.*, 2023-Ohio-1396, ¶¶ 27-29 (1st Dist.) (determining that an assignment of error challenging the trial court's reasonable-efforts finding was moot when a child had been returned to the child's parents and the trial court terminated the case); *In re S.H.*, 2018-Ohio-5007, ¶ 15 (5th Dist.) (finding that an appeal involving a dependent child was moot when the child no longer was in the agency's custody). An exception may apply, however, if the abuse, neglect, or dependency adjudication results in collateral consequences, such as the loss of a professional license. *See In re Watts*, 1999 WL 18564, *2 (4th Dist. Jan. 11, 1999) (concluding that an appeal was not moot when the dependency adjudication prevented the parent "from being employed in certain day-care

employment" and also may have affected "the dependency status of any other children appellant may have").

{¶13} In the case sub judice, we believe that the case is moot because we could not grant appellant any effectual relief. The case has been closed and the agency is no longer involved with the family. *See Matter of Duncan*, 1993 WL 257269, *2 (12th Dist. July 12, 1993) (finding "no reason to entertain [an] appeal" when the parent had legal custody of the children and the agency was no longer involved). Consequently, this appeal became moot when the trial court terminated the agency's protective supervision, ordered the child returned to the parents' custody, and closed the case.

{¶14} Moreover, nothing suggests that appellant would be subject to any collateral consequences as a result of the abuse adjudication. Nothing in the record indicates that the abuse adjudication would cause her to suffer the loss of a professional license or result in any similar consequences. Additionally, appellant's remaining children are all adults, so the abuse adjudication would not affect the status of any of appellant's other children.

{¶15} Furthermore, even if appellant's appeal regarding the child's abuse adjudication were not moot due to the existence of collateral consequences, the trial court did not err by adjudicating the child an abused child.

{¶16} The agency's complaint alleged that the child was an abused child as defined in R.C. 2151.031(E).  This provision states that an "abused child" means any child who, "[b]ecause of the acts of the child's parents, guardian, custodian, or caretaker, suffers physical or mental injury that harms or threatens to harm the child's health or welfare."

{¶17} In the case at bar, the record contains ample evidence that the child suffered physical injuries that harmed her health or welfare and that she suffered these injuries because of the acts of her parents or her caretaker, appellant's adult daughter, T.H., and/or the daughter's significant other, L.M.[1]  The child had lived with appellant and the father without incident, until T.H. and L.M. arrived to stay at the family's home to help take care of the child after the father had a heart attack.  Shortly after T.H. and L.M.'s arrival, the child developed unexplained injuries.  The injuries stopped once the abuse allegations came to light and T.H. and L.M. departed appellant's home.  Thus, even though appellant and the father did not commit any acts of physical abuse against the child, the child did suffer

---

[1] We observe that the agency has not argued that the child was an abused child within the meaning of R.C. 2151.031(D), which states that an abused child includes one who "[e]xhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it."  This provision does not require a finding of fault on the part of a parent or caretaker.  *See In re H.C.*, 2026-Ohio-189, ¶ 14 (8th Dist.).  Instead, " '[a]ll that is necessary is that the child be a victim, regardless of who is responsible for the abuse.' "  *Id.*, quoting *In re Pitts*, 38 Ohio App.3d 1 (5th Dist. 1987), paragraph two of the syllabus.

physical injuries that resulted from either T.H. and/or L.M.'s  physical conduct or appellant's decision to allow T.H. and L.M. to take care of the child.

{¶18} Moreover, although appellant contends that T.H. and L.M. were not the child's "caretakers," her assertion is contrary to the plain meaning of the word. The word generally means a person who "gives physical or emotional care and support." *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/caretaker (accessed Jun. 11, 2026).  The trial court found that appellant asked T.H. to help take care of the child.  Thus, T.H. was a person who gave the child physical or emotional care and support.  Hence, T.H. was a caretaker.

{¶19} Consequently, even if appellant's appeal from the trial court's judgment that adjudicated the child an abused child is not moot, it would have no merit.

## CONCLUSION

{¶20} Accordingly, based upon the foregoing reasons, we dismiss this appeal.

APPEAL DISMISSED.

# **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**